```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | INDICTMENT |
| -v.- | : | S1 08 Cr. 362 |
| MADY DIAKITE,<br>    a/k/a "Ibrahima Conde,"<br>    a/k/a "Moussa Sylla," | : | |
| Defendant. | : | |

```
- - - - - - - - - - - - - - - - - -X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 1 2 2008

## COUNT ONE

The Grand Jury charges:

1.   From in or about June 2006 through in or about July 2006, in the Southern District of New York and elsewhere, MADY DIAKITE, a/k/a "Ibrahima Conde," a/k/a "Moussa Sylla," the defendant, unlawfully, willfully, and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, namely Commerce Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, DIAKITE deposited checks to which he was not entitled into a bank account and then withdrew cash from the account.

(Title 18, United States Code, Sections 1344 & 2.)

COUNT TWO

The Grand Jury further charges:

2. From in or about November 2006 through in or about December 2006, in the Southern District of New York and elsewhere, MADY DIAKITE, a/k/a "Ibrahima Conde," a/k/a "Moussa Sylla," the defendant, unlawfully, willfully, and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, namely Charter One Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, DIAKITE deposited checks to which he was not entitled into a bank account and then withdrew cash from the account.

(Title 18, United States Code, Sections 1344 & 2.)

COUNT THREE

The Grand Jury further charges:

3. From in or about November 2006 through in or about January 2007, in the Southern District of New York and elsewhere, MADY DIAKITE, a/k/a "Ibrahima Conde," a/k/a "Moussa Sylla," the defendant, unlawfully, willfully, and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, namely Washington Mutual Bank, the deposits of which

were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, DIAKITE deposited a check to which he was not entitled into a bank account and then withdrew cash from the account.

(Title 18, United States Code, Sections 1344 & 2.)

## COUNT FOUR

The Grand Jury further charges:

4. From in or about November 2006 through in or about December 2006, in the Southern District of New York and elsewhere, MADY DIAKITE, a/k/a "Ibrahima Conde," a/k/a "Moussa Sylla," the defendant, unlawfully, willfully, and knowingly, did execute and attempt to execute a scheme and artifice to defraud financial institutions, namely JP Morgan Chase Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, to wit, DIAKITE deposited a check to which he was not entitled into a bank account and then withdrew cash from the account.

(Title 18, United States Code, Sections 1344 & 2.)

COUNT FIVE

The Grand Jury further charges:

5. From on or about November 18, 2006, through on or about November 29, 2006, in the Southern District of New York and elsewhere, MADY DIAKITE, a/k/a "Ibrahima Conde," a/k/a "Moussa Sylla," the defendant, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, did effect transactions, with one and more access devices issued to other persons, to receive payment and other things of value during a 1-year period the aggregate value of which was equal to or greater than $1,000, to wit, DIAKITE deposited American Express convenience checks issued to another person into a bank account at Charter One Bank without authorization and withdrew cash from that account.

(Title 18, United States Code, Sections 1029(a)(5), (b)(1), and 2.)

COUNT SIX

The Grand Jury further charges:

6. From in or about June 2006 through in or about December 2006, in the Southern District of New York and elsewhere, MADY DIAKITE, a/k/a "Ibrahima Conde," a/k/a "Moussa Sylla," the defendant, unlawfully, willfully, and knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code,

Section 1028A(c), to wit, DIAKITE possessed, used, and transferred a means of identification of another person to commit bank fraud and access device fraud, as charged in Counts One through Five of this Indictment.

(Title 18, United States Code, Sections 1028A and 2.)

## FORFEITURE ALLEGATION

7. As a result of committing the offenses alleged in this Indictment, MADY DIAKITE, a/k/a "Ibrahima Conde," a/k/a "Moussa Sylla," the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged herein, to wit bank fraud and access device fraud.

### Substitute Asset Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;
   (2) has been transferred or sold to, or deposited with, a third person;
   (3) has been placed beyond the jurisdiction of the Court;
   (4) has been substantially diminished in value; or

      (5)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

      (Title 18, United States Code, Section 981,
Title 28, United States Code, Section 2461, and
Title 18, United States Code, Section 1344.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

```
Form No. USA-33s-274 (Ed. 9-25-58)
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MADY DIAKITE,
a/k/a "Ibrahima Conde,"
a/k/a "Moussa Sylla,",

Defendant.

INDICTMENT

S1 08 Cr. 362

(18 U.S.C. §§ 1028A, 1029, 1344 & 2)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

*Foreperson.*

*[handwritten: Superceding Indictment Filed]*

*[handwritten: 06/12/08]*