```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA
                                    :
        -v.-                             S1 08 Cr. 362 (LAP)
                                    :
MADY DIAKITE,
      a/k/a "Ibrahima Conde,"       :
      a/k/a "Moussa Sylla,"
                                    :
             Defendant.
                                    :
- - - - - - - - - - - - - - - - - -x
```

**GOVERNMENT'S REQUESTS TO CHARGE**

MICHAEL J. GARCIA
*United States Attorney for the*
*Southern District of New York*
*Attorney for the United States*
*of America*

DANIEL S. GOLDMAN
RICHARD C. DADDARIO
*Assistant United States Attorneys*
      *-Of Counsel-*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA
                                   :
        -v.-                            S1 08 Cr. 362 (LAP)
                                   :
MADY DIAKITE,
     a/k/a "Ibrahima Conde,"       :
     a/k/a "Moussa Sylla,"
                                   :
            Defendant.
                                   :
- - - - - - - - - - - - - - - - - -x
```

## GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## TABLE OF CONTENTS

**Request No.**                                                    **Page**

1.    General Requests.. . . . . . . . . . . . . . . . . . . . . . . 1

2.    The Indictment.. . . . . . . . . . . . . . . . . . . . . . . 2

3.    The Statute. . . . . . . . . . . . . . . . . . . . . . . . . 4

4.    The Elements.. . . . . . . . . . . . . . . . . . . . . . . . 5

5.    First Element: Transfer, possession and use of means of
      identification of another person.. . . . . . . . . . . . . 6

6.    Second Element: During and in relation to a bank fraud and
      access device fraud. . . . . . . . . . . . . . . . . . . . 8

7.    Third Element: Knowingly and without lawful authority. . . 9

8.    Aiding and Abetting. . . . . . . . . . . . . . . . . . . . 10

9.    Conscious Avoidance/Willful Blindness. . . . . . . . . . . 13

10.   Venue. . . . . . . . . . . . . . . . . . . . . . . . . . . 15

11.   Defendant's Right Not To Testify.. . . . . . . . . . . . . 16

12.   Limiting Instruction: Similar Act Evidence.. . . . . . . . 17

13.   Uncalled Witness: Equally Available To Both Sides. . . . . 19

14.   Charts And Summaries.. . . . . . . . . . . . . . . . . . . 21

15.   Persons Not On Trial.. . . . . . . . . . . . . . . . . . . 23

16.   Particular Investigative Techniques Not Required.. . . . . 24

17.   Stipulations Of Testimony. . . . . . . . . . . . . . . . . 25

18.   Stipulations Of Fact.. . . . . . . . . . . . . . . . . . . 26

19.   Preparation of Witnesses.. . . . . . . . . . . . . . . . . 27

20.   Character Witnesses. . . . . . . . . . . . . . . . . . . . 28

21.   Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . 30

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function Of Court And Jury

b.   Indictment Not Evidence

c.   Statements Of Court And Counsel Not Evidence

d.   Burden Of Proof And Presumption Of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Inferences

h.   Definitions And Examples Of Direct And Circumstantial Evidence

i.   Credibility Of Witnesses

j.   Interest In Outcome

k.   Right To See Exhibits And Have Testimony Read During Deliberations

l.   Sympathy: Oath As Jurors

m.   Punishment Is Not To Be Considered By The Jury

n.   Verdict Of Guilt Or Innocence Must Be Unanimous

## REQUEST NO. 2

## The Indictment

As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  Here, the Indictment contains one count.  Before you begin your deliberations, you will be provided with a copy of the Indictment.  I will summarize the offense charged in the Indictment.  Then I will explain in detail the elements of each offense.

The Indictment charges the defendant, MADY DIAKITE, a/k/a "Ibrahima Conde," a/k/a "Moussa Sylla," with knowingly possessing and using the means of identification of another person, without lawful authority, during and in relation to bank fraud and access device fraud offenses to which the defendant has pleaded guilty, namely, defrauding Commerce Bank, Charter One Bank, Washington Mutual Bank, and JP Morgan Chase Bank by depositing checks to which he was not entitled into accounts opened in false names and withdrawing the proceeds, and, depositing American Express convenience checks issued to another person into a bank account at Charter One Bank without authorization and withdrawing cash from that account.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-45; the charge of the Honorable Kevin Thomas Duffy in <u>United States v. Ogarro</u>, 92 Cr. 114 (S.D.N.Y. 1992); the charge of the Honorable Kevin Thomas Duffy in <u>United States v. Burnett</u>, 92 Cr. 731

2

(S.D.N.Y. 1993); and the charge of the
Honorable Richard M. Berman in <u>United States
v. Manuel Pena</u>, 00 Cr. 36 (S.D.N.Y. 2001).

## **REQUEST NO. 3**

### **The Statute**

The Indictment charges the defendant with a violation of Title 18, United States Code, Section 1028A. Section 1028A of Title 18 of the United States Code provides, in relevant part, that:

> Whoever, during and in relation to any felony violation enumerated in subsection (c) [including bank fraud and access device fraud], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person

is guilty of a crime.

4

## REQUEST NO. 4

### The Elements

Specifically, the Indictment charges that:

> From in or about June 2006 through in or
> about December 2006, in the Southern District of New
> York and elsewhere, MADY DIAKITE, a/k/a "Ibrahima
> Conde," a/k/a "Moussa Sylla," the defendant,
> unlawfully, willfully, and knowingly did transfer,
> possess, and use, without lawful authority, a means of
> identification of another person, during and in
> relation to a felony violation enumerated in Title 18,
> United States Code, Section 1028A(c), to wit, DIAKITE
> possessed, used, and transferred a means of
> identification of another person to commit bank fraud
> and access device fraud.

In order to find the defendant guilty, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant transferred, possessed or used a "means of identification" of another person;

Second, that the defendant transferred, possessed or used a "means of identification" of another person during and in relation to an offense of bank fraud or access device fraud; and

Third, that the defendant acted knowingly and without lawful authority.

5

<u>**REQUEST NO. 5**</u>

**First Element:  Transfer, possession and use of means of identification of another person**

In order to find the defendant guilty, the Government must prove beyond a reasonable doubt that the defendant transferred, possessed, or used a means of identification of another person.

The terms "transfer," "possess," and "use," have their common sense meaning.  You should apply those meanings in considering this element.

The term "means of identification" is defined by statute to mean:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any . . . name; . . . unique electronic identification number, address, or routing code; or telecommunication identifying information or access device.

A "name" means the name of a person;

A "unique electronic identification number" includes a bank or credit account number;

An "access device" includes a credit card account number, and therefore a credit card account number found on a credit card convenience check is a "means of identification".

I instruct you that a "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual,

6

including the name of a person, his or her address, and his or
her bank or credit account number.

The "means of identification" must belong to an actual
person other than the defendant.  That actual person may be alive
or dead.

However, I also instruct you that a defendant need <u>not</u>
know that the means of identification is that of an actual
person.

> Adapted from the charge given by the
> Honorable Shira A. Scheindlin in <u>United
> States v. William Nkrumah et al.</u>, 07 Cr. 137
> (SAS) (S.D.N.Y. 2007), and from the charge
> given by the Honorable Kevin T. Duffy in
> <u>United States v. Juan Tureseo</u>, 06 Cr. 680
> (KTD), and from Sand, <u>et al.</u>, <u>Modern Federal
> Jury Instructions</u>, Instr. 39A-49.

> <u>See</u> 18 U.S.C. § 1028(d)(7)(A), (C), (D) (defining
> "means of identification"); <u>United States v. Alfano</u>,
> 2008 WL 867387 (1st Cir. April 2, 2008), at *2 n.4
> (stating that "[b]ank account numbers are clearly
> 'means of identification'"); <u>United States v. Scott</u>,
> 448 F.3d 1040, 1045 (8th Cir. 2006) (finding that bank
> account numbers are unique identifiers); Sand <u>et al.</u>,
> <u>Modern Federal Jury Instructions</u>, Instr. 40-4
> (instruction regarding access device).

REQUEST NO. 6

**Second Element: During and in relation to a bank fraud and access device fraud offense**

The second element the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed or used a "means of identification" of another person during and in relation to an offense of bank fraud or access device fraud.

"During and in relation to" means that the defendant's transfer, use or possession of a means of identification of another person had a role in or facilitated, or had the potential of facilitating, the commission of a bank fraud or access device fraud offense.

In this case, the Indictment alleges that the defendant transferred, possessed or used a means of identification of another person during and in relation to bank fraud and access device fraud offenses to which the defendant has previously pleaded guilty.

> Instruction on "during and in relation" adapted from the charge given by the of Honorable Robert P. Patterson in United States v. Fleurissaint, 03 Cr. 906 (RPP) (S.D.N.Y. 2004); see also Smith v. United States, 508 U.S. 223, 239 (1993) (defining "during and in relation to" with regard to 18 U.S.C. § 924(c)).

8

## REQUEST NO. 7

**Third Element: Knowingly and without lawful authority**

The Government must also prove beyond a reasonable doubt that the defendant acted knowingly and without lawful authority in transferring, possessing or using the means of identification of another person.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.  Keep in mind that knowledge may also include the deliberate and conscious avoidance of knowledge, as I will instruct you in a moment.

"To act without lawful authority" means to act without authorization from someone who has authority to give such authorization.

Adapted from the charge given by the Honorable Shira A. Scheindlin in Nkrumah, supra; and Sand et al., Modern Federal Jury Instructions, Instr. 39A-49.

## REQUEST NO. 8

### Aiding and Abetting (If Applicable)

It is not necessary for the Government to show that the defendant himself committed the crime charged in the Indictment in order for you to find him guilty.  This is because a person who aids, abets, counsels, commands, induces, or procures the commission of a crime is just as guilty of that offense as if he committed it himself.

The aiding and abetting statute, section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Accordingly, you may find the defendant guilty if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether a defendant aided or abetted the commission of the crime.

10

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

--   Did he participate in the crime charged as something he wished to bring about?

--   Did he associate himself with the criminal venture knowingly and willfully?

--   Did he seek by his actions to make the criminal venture succeed?

If he did, then that defendant is an aider and abettor, and therefore guilty of the offense.  If he did not, then that

11

defendant is not an aider and abettor, and is not guilty of that offense.

> Adapted from the charge given by the Honorable Robert J. Ward in United States v. Williams, 97 Cr. 274 (RJW) (S.D.N.Y. 1999), and from 1A L. Sand, Modern Federal Jury Instructions, Instr. 11-1 and 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977).  See United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir. 1981).

## REQUEST NO. 9

## Conscious Avoidance/Willful Blindness

### *[If Applicable]*

The charge that I have just described requires the Government to prove, among other things, that the defendant acted knowingly, as I have already defined that term.

As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that the defendant that you are considering had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant that you are considering acted knowingly, you may consider whether that defendant that you are considering deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant that you are considering acted with a conscious purpose to avoid learning a particular fact then the element of knowledge may be satisfied.

13

However, guilty knowledge may not be established by demonstrating that such defendant was merely negligent, foolish, or mistaken.

If you find that the defendant that you are considering was aware of a high probability of a particular fact and that this defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly.

It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3A-2, 44-5; the charge of the Honorable Gerard E. Lynch in <u>United States v. Ruiz</u>, S1 01 Cr. 864 (GEL) (S.D.N.Y. 2002); and the charge in <u>United States v. Mang Sun Wong</u>, 884 F.2d 1537, 1541-43 (2d Cir. 1989) (expressly approving charge); <u>see also</u> <u>United States v. Mang Sun Wong</u>, 884 F.2d 1437, 1541-43 (2d Cir. 1989).
>
> "A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant facts, but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them." <u>United States v. Brito</u>, 907 F.2d 392, 396 (2d Cir. 1990).

14

**REQUEST NO. 10**

**Venue**

In addition to all of the elements I have described for you, you must also decide whether any act in furtherance of the crimes occurred within the Southern District of New York. I instruct you that the Southern District of New York includes Manhattan and the Bronx, New York.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge that you are considering.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11.

> See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

15

**REQUEST NO. 11**

**Defendant's Right Not To Testify**

***[If Requested By The Defendant]***

Defendant Mady Diakite did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against either may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions, Instr. 5-21.

16

REQUEST NO. 12

**Limiting Instruction: Similar Act Evidence**

***[If Applicable]***

You will recall that some evidence introduced by the Government was received for limited purposes.

Specifically, you heard testimony regarding a fraudulent scheme whereby the defendant received by direct deposit in his Commerce One bank account and his Chase bank account tax refund anticipation loans in the names of others based on the filing of false tax returns. In summary, the Government offered this evidence to demonstrate that the defendant knew he was possessing and using the means of identification of another person when committed the bank fraud and access device fraud offenses in this case.

You may not consider this evidence as a substitute for proof that the defendant committed the crimes charged in the Indictment. Nor may you consider this evidence as proof that such defendant has a criminal personality or bad character. This evidence about such defendant prior conduct was admitted for much more limited purposes and you may consider it only for those limited purposes.

The evidence of any such prior conduct by the defendant may not be considered by you for any other purposes and in any other ways, except as I have just explained to you.

17

Adapted from the charge of the Honorable John F. Keenan in <u>United States v. Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-25; <u>see</u> <u>United States v. Pitre</u>, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

**REQUEST NO. 13**

**Uncalled Witness: Equally Available To Both Sides**

*[If Applicable]*

Both the Government and the defendants have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the Government or by the defendant, and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government, unfavorable to the defendant, or unfavorable to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call any particular witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of the Honorable Kenneth Conboy in United States v. Lew, 91 Cr. 361 (S.D.N.Y. 1991); and Sand, Modern Federal Jury Instructions, Instr. 6-7; see United States v. Erb, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).
>
> "[W]hen a witness is equally available to both sides, 'the failure to produce is open to an inference against both parties.' No instruction is necessary where the unpresented testimony would be merely cumulative." United States v. Torres, 845 F.2d 1165, 1169 (2d Cir. 1988) (citations omitted & emphasis in original); see also United States v. Nichols, 912 F.2d 598, 601 (2d

19

Cir. 1990) (whether to give charge is committed to
discretion of trial judge; generally discussing
applicable standards); United States v. Caccia, 122
F.3d 136 (2d Cir. 1997) (discussing when uncalled
witness charge is appropriate).

**REQUEST NO. 14**

**Charts And Summaries**

***[If Applicable]***

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct, independent evidence; they are summaries of the evidence. They are admitted into evidence as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether charts and summaries fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphical demonstrations of what the underlying testimony and documents are.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from the charge of the Honorable Kevin Thomas Duffy in <u>United States v. Castellano</u>, 84 Cr. 63, <u>aff'd</u>

21

<u>in part and rev'd in part</u>, 811 F.2d 47 (2d Cir. 1987); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-13.

**REQUEST NO. 15**

**<u>Persons Not On Trial</u>**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from the charge of the Honorable Henry F. Werker in <u>United States v. Barnes</u>, 77 Cr. 190 (S.D.N.Y. 1977), <u>aff'd</u>, 604 F.2d 121 (2d Cir. 1979), <u>cert. denied</u>, 446 U.S. 907 (1980).

## REQUEST NO. 16

## Particular Investigative Techniques Not Required

### *[If Applicable]*

You have heard reference, in the testimony and in the arguments of defense counsel in this case, about the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why law enforcement officers used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of each of the defendants has been proven beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in <u>United States v. Mucciante</u>, 91 Cr. 403 (S.D.N.Y. 1992); and the charge of the Honorable John F. Keenan in <u>United States v. Medina</u>, 91 Cr. 894 (S.D.N.Y. 1992).

24

### REQUEST NO. 17

### Stipulations Of Testimony

### *[If Applicable]*

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-7.

**REQUEST NO. 18**

**<u>Stipulations Of Fact</u>**

***[If Applicable]***

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-6.

## REQUEST NO. 19

## Preparation Of Witnesses

### *[If Applicable]*

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating the credibility of a witness, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  Indeed, it would be unusual and surprising for a lawyer to call a witness without such preparation.

Again, the weight you give to the fact or the nature of the preparation by a witness for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States v. Abdul Latif Abdul Salam</u>, 98 Cr. 208 (S.D.N.Y. 1999).

27

**REQUEST NO. 20**

**Character Witnesses**

*[Requested Should the Defendants Call Character Witnesses]*

During the course of this trial, there has been testimony that the defendants have a reputation for honesty and integrity in their community. [**If Applicable**:  There has also been testimony to the contrary]*.*  That testimony bears on the defendants' character.  Character testimony should be considered together with all the other evidence in the case in determining whether the Government has met its burden to prove the defendants guilty beyond a reasonable doubt.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendants are guilty, a showing that one or both previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendants merely because you believe one or both is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt of the defendant that you are considering.  [**If Applicable**:  Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]  The guilt of the

28

defendants is for you alone to determine, and that should be

based on all the evidence you have heard in the case.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
> Instr. 5-15; and the charge in <u>United States v. Pujana-</u>
> <u>Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (defendant not
> entitled to a charge that character evidence "standing
> alone" is enough for acquittal).

REQUEST NO. 21

## Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charge in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in <u>United States v. Soldaro</u>, 73 Cr. 167 (S.D.N.Y. 1973); <u>see also</u> <u>United States v. Corr</u>, 75 Cr. 803 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:  New York, New York
        June 23, 2008

                          Respectfully submitted,

                          MICHAEL J. GARCIA
                          United States Attorney for the
                          Southern District of New York
                          Attorney for the United States of
                              America


                   By:_____/s/_____
                          Daniel S. Goldman/Richard C.
                          Daddario
                          Assistant United States Attorneys
                          Telephone: (212) 637-2289/-2306

## <u>AFFIRMATION OF SERVICE</u>

DANIEL S. GOLDMAN, pursuant to Title 28, United States Code, Section 1746, declares under the penalty of perjury:

I am employed in the Office of the United States Attorney for the Southern District of New York.

On June 23, 2008, I caused the foregoing Government's Requests to Charge to be served via Clerk's Notice of Electronic Filing upon the following attorney, who is a filing user in this case:

> Jennifer L. Brown, Esq.
> Federal Defenders of New York, Inc.
> 52 Duane Street, 10th Floor
> New York, NY 10007
>
> Counsel to defendant Mady Diakite

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
          June 23, 2008


_____/s/_____
Daniel S. Goldman