```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA            :

            - v -                   :     S1 08 CR. 362 (LAP)

Mady Diakite,
                                    :

            Defendant.              :

----------------------------------X
```

## DEFENDANT MADY DIAKITE'S REQUEST TO CHARGE

                          LEONARD F. JOY, ESQ.
                          Federal Defenders of New York
                          52 Duane Street - 10th Floor
                          New York, New York 10007
                          Tel.: (212) 417-8722

                          Attorney for Defendant
                             **MADY DIAKITE**

**JENNIFER BROWN, ESQ.**
    Of Counsel

TO:   **MICHAEL J. GARCIA, ESQ.**
      United States Attorney
      Southern District of New York
      One. St. Andrew's Plaza
      New York, New York 10007

      Attn: **DANIEL GOLDMAN, ESQ.**
           Assistant United States Attorney

**REQUEST NO. 1 - GENERAL INSTRUCTIONS**

The defense respectfully requests that the Court give the pattern instructions with respect to the following matters:

- a. Functions of Court and Jury
- b. Indictment not Evidence
- c. Burden of Proof and Presumption of Innocence
- d. Witness Credibility
- e. Testimony of Law Enforcement Witness
- f. Right to See Exhibits and Have Testimony Read During Deliberations
- g. Requirement of Unanimity of Verdict

**REQUEST NO. 2**

**AGGRAVATED IDENTITY THEFT - THE ELEMENTS**

In order to find Mr. Diakite guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that Mr. Diakite possessed or used, without lawful authority, a means of identification that he knew belonged another person;

<u>Second</u>, that Mr. Diakite acted knowingly; and

<u>Third</u>, that Mr. Diakite's possession or use of the means of identification of another person occurred during and in relation to the crime of bank fraud.

[Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 39A-49 and <u>United States v. Dawes</u>, 07 Cr. 555 (ARR) (May 16, 2008). See <u>United States v. Sanchez</u>, 2008 U.S. Dist. LEXIS 35460 (E.D.N.Y. 2008); <u>United States v. Villanueva-Sotelo</u>, 515 F.3d 1234 (D.C. Cir. 2008); <u>United States v. Salazar-Montero</u>, 520 F. Supp. 2d 1079 (N.D. Iowa 2007); <u>United States v. Hairup</u>, 2008 WL 471710 (D. Utah 2008); <u>United States v. Beachem</u>, 399 F. Supp. 1156 (W.D. Wash. 2005).]

3

## REQUEST NO. 3

## AGGRAVATED IDENTITY THEFT - FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt with respect to this charge is that Mr. Diakite transferred, possessed, or used, without lawful authority, a means of identification that he knew belonged to an another person.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual.  This includes any name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, or employer or taxpayer identification number.  The means of identification must be that of an actual person.

To act without lawful authority means to act without the authorization of the issuing governmental entity to use a means of identification.

[Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 39A-49 and <u>United States v. Dawes</u>, 07 Cr. 555 (ARR) (E.D.N.Y. May 16, 2008).  <u>See</u> <u>United States v. Sanchez</u>, 2008 U.S. Dist. LEXIS 35460 (E.D.N.Y. 2008); <u>United States v. Villanueva-Sotelo</u>, 515 F.3d 1234 (D.C. Cir. 2008); <u>United States v. Salazar-Montero</u>, 520 F. Supp. 2d 1079 (N.D. Iowa 2007); <u>United States v. Hairup</u>, 2008 WL 471710 (D. Utah 2008); <u>United States v. Beachem</u>, 399 F. Supp. 1156 (W.D. Wash. 2005).]

## REQUEST NO. 4

## AGGRAVATED IDENTITY THEFT - SECOND ELEMENT

The second element that the government must prove beyond a reasonable doubt is that Mr. Diakite acted knowingly. A person acts knowingly if he acts voluntarily, deliberately, and with an awareness of what he is doing, not because of ignorance, mistake, or accident.

To satisfy this element of the offense, the government must prove beyond a reasonable doubt that Mr. Diakite knew that the means of identification he transferred, possessed, or used belonged to an actual person. The government must also prove that, when Mr. Diakite transferred, possessed or used the means of identification, he did so knowingly and intentionally. If you find that Mr. Diakite did not act knowingly - or if you have reasonable doubt as to this element of the offense - then it is your duty to acquit.


[Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 39A-49 and United States v. Dawes, 07 Cr. 555 (ARR) (May 16, 2008). See United States v. Sanchez, 2008 U.S. Dist. LEXIS 35460 (E.D.N.Y. 2008); United States v. Villanueva-Sotelo, 515 F.3d 1234 (D.C. Cir. 2008); United States v. Salazar-Montero, 520 F. Supp. 2d 1079 (N.D. Iowa 2007); United States v. Hairup, 2008 WL 471710 (D. Utah 2008); United States v. Beachem, 399 F. Supp. 1156 (W.D. Wash. 2005).]

6

## REQUEST NO. 5

## AGGRAVATED IDENTITY THEFT - THIRD ELEMENT

The third element the government must prove beyond a reasonable doubt is that Mr. Diakite transferred, possessed, or used the means of identification of another person during and in relation to the crime of bank fraud.  Specifically, the government must prove beyond a reasonable doubt that Mr. Diakite's possession or use of the means of identification of another person occurred during and in relation to the crime of bank fraud.

In order for you to find that Mr. Diakite transferred, possessed, or used the means of identification of another during and in relation to the crime of bank fraud, you must find that the unauthorized transfer, possession, or use of the means of identification of another facilitated or played a role - or was intended by the defendant to facilitate or play a role - in the crime of bank fraud.


[Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 39A-49 and United States v. Dawes, 07 Cr. 555 (ARR) (May 16, 2008).  See United States v. Sanchez, 2008 U.S. Dist. LEXIS 35460 (E.D.N.Y. 2008); United States v. Villanueva-Sotelo, 515 F.3d 1234 (D.C. Cir. 2008); United States v. Salazar-Montero, 520 F. Supp. 2d 1079 (N.D. Iowa 2007); United States v. Hairup, 2008 WL 471710 (D. Utah 2008); United States v. Beachem, 399 F. Supp. 1156 (W.D. Wash. 2005).]

7

## **REQUEST NO. 6 - DEFENDANT'S ELECTION NOT TO TESTIFY**

### (If Applicable)

Mr. Diakite did not testify in this case. Under our Constitution he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove him guilty beyond a reasonable doubt.

As I stated earlier, the burden remains with the prosecution throughout the entire trial and never shifts to Mr. Diakite. He is never required to prove that he is innocent. The right of a defendant not to testify is an important part of our Constitution. As the Supreme Court of the United States has said,

> it is not everyone who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove any prejudice against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.

You may not attach any significance to Mr. Diakite's decision not to testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against Mr. Diakite in any way in your deliberations in the jury room.

[Adapted from the charge of the Hon. John S. Martin in United States v. Flanagan, 95 Cr. 105 (JSM) (Tr. at 558 - 559) (quoting Wilson v. United States, 149 U.S. 60, 66 (1893)). See also Carter v. Kentucky, 450 U.S. 288, 300 n.15 (1981); Griffin v. California, 380 U.S. 609, 613 (1965); charge of the Hon. John S. Martin in United States v. Anosike, 94 Cr. 717 (JSM)]

8

## REQUEST NO. 7 - DEFENDANT'S ELECTION TO TESTIFY
### (If Applicable)

If Mr. Diakite testifies, the defense respectfully requests that the following charges be given:

As I instructed you earlier, the defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and Mr. Diakite is presumed innocent.

In this case, Mr. Diakite did testify and he was subject to cross-examination, like any other witness. The fact that he testified does not in any way remove or lessen the burden on the Government to prove the charge beyond a reasonable doubt. Mr. Diakite did not have to testify and, in fact, did not have to present any evidence whatsoever.

You should examine and evaluate his testimony just as you would the testimony of any other witness. I also remind you that Mr. Diakite's decision to testify does not in any way shift the burden of proof to him.

**REQUEST NO. 7 - DEFENDANT'S ELECTION TO TESTIFY (Cont'd)**
(If Applicable)

Do not ask yourself whether his testimony convinces you of his innocence. Rather, you must consider all the evidence and/or the lack of evidence presented, and then ask yourselves whether or not the prosecution has proven the charges contained in the indictment beyond a reasonable doubt.

[Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 7-4; United States v. Gaines, 457 F.3d 238 (2d. Cir. 2006); see also Charge of Hon. Robert P. Patterson in United States v. Jose De La Cruz-Ramirez, 97 Cr. 711 (RPP)]

10

**REQUEST NO. 8 - REASONABLE DOUBT**

I have said that the government must prove Mr. Diakite guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Mr. Diakite. Even if Mr. Diakite has presented evidence in his defense, it is not his burden to prove himself innocent. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence and the lack of evidence, you are satisfied of Mr. Diakite's guilt beyond a reasonable doubt, you should vote to convict. On the other hand, if after fair and impartial

consideration of all the evidence you have a reasonable doubt, it is your duty to acquit Mr. Diakite.  If the government has failed to meet its burden beyond a reasonable doubt, it is your duty to find  Mr. Diakite not guilty.

**AUTHORITY**

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction # 4-2.

　　The defense submits that the modifications from the pattern instruction made in the above proposed charge are necessary and important for the following reasons:

　　In the first paragraph, the last two sentences from the pattern instruction have been omitted.  Those sentences read:

> A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

These sentences could easily, albeit unwittingly, negate the sentences in the preceding paragraph which properly define the standard as a significant one.  Furthermore, they are unnecessary given the preceding language that guides jurors that a reasonable doubt is one based upon reason and common sense.

　　In the second paragraph, the only proposed modification is the inclusion of the sentence which reads:

> even if Mr. Diakite has presented evidence in his defense, it is not his burden to prove himself innocent.

This sentence is necessary to make clear that not only does the burden never shift to the defense generally, but even when a defendant presents evidence, the burden remains with the government. That fundamental concept is missing without the proposed language.

In the third paragraph, the only proposed modification is to change the order of the two sentences in that paragraph, so that conviction is mentioned before acquittal. In light of the central role this standard of proof plays in our system of justice, this proposed modification is necessary. It is a long standing psychological principle that generally, people remember what they hear first and what they hear last. <u>See</u> Wozniak, R. (1999). <u>Classics in Psychology, 1855-1914: Historical Essays</u>. This phenomenon is commonly knows as the power of "primacy and recency." If the last option Your Honor provides is conviction, it will undercut the importance of this burden.

## REQUEST NO. 11 - VENUE

In addition to the foregoing elements of the offenses, you must consider whether any act in furtherance of the crimes occurred within the Southern District of New York.

You are instructed that the Southern District of New York encompasses New York County and Bronx County.

In this regard, the government need not prove that the crime itself was committed in this district or that Mr. Diakite himself was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district. If you find that the government has failed to prove that any act in furtherance of the crime occurred within this district - or if you have a reasonable doubt on this issue - then you must acquit.

[Adapted from Sand, et al., Modern Federal Jury Instructions, Instruction 3-11. As the Sand model charge notes in the comments appended to Instruction 3-11, "The recommended instruction goes beyond the acknowledged standards, requiring proof beyond a reasonable doubt. This approach is adopted in order to avoid confusion by interjecting a lower standard of preponderance of the evidence."]

## **REQUEST NO. 12 - IMPROPER CONSIDERATIONS**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about Mr. Diakite's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

**AUTHORITY**

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> - Instruction # 2-11.

If the Court is going to instruct the jury not to base its verdict on sympathy, the defense requests that the Court also tell the jury not to base its verdict on any feelings about the charges. Such language is included in the above instruction.

**REQUEST NO. 13 - INVESTIGATIVE TECHNIQUES**

The defense is not asking for an instruction on law enforcement techniques, as it de-emphasizes the fact that it is proper for the jury to assess the lack of evidence in determining whether the government has sustained its burden.

In the event, however, that the Court determines such a charge is appropriate, we propose the following which is balanced and does not diminish arguments presented by either party:

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the Mr. Diakite is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. Your concern, as I have said, is to determine whether, on the evidence or lack of evidence, the government has or has not proved Mr. Diakite's guilt beyond a reasonable doubt.

**AUTHORITY**

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> - Instruction # 4-4.

Dated:  New York, New York
        June 24, 2007

                              Respectfully Submitted,

                              LEONARD F. JOY, ESQ.
                              Federal Defenders of New York

By: _____
                              **JENNIFER BROWN, Esq.**
                              Attorney for Defendant
                                  **Mady Diakite**
                              52 Duane Street - 10th Floor
                              New York, New York 10007
                              Tel.: (212) 417-8722