UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES,

    -v-

MADY DIAKITE, a/k/a "Ibrahim
Conde," a/k/a "Moussa Sylla,"

    Defendant,

------------------------------------x

S1 08 Cr. 362 (LAP)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/08

LORETTA A. PRESKA, U.S.D.J.

    The Defendant in this case is charged with aggravated identity theft, in violation of 18 U.S.C. § 1028A. Trial is set to commence on June 30, 2008. In preparing for trial, the parties discovered that there is a disagreement over the elements of the offense that the Government must prove in order to obtain a conviction. The statute provides that

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(1). Defendant's position is that the statute requires the Government to prove that Defendant knew that the "means of identification" the defendant "transfers, possesses, or uses" actually belonged to "another person." The Government disputes this construction and argues that the "knowingly" mens

rea requirement does not apply to the "means of identification." The Government submits that it need only prove that the "means of identification" in fact belonged to another person regardless of whether the defendant knew this, i.e., that "knowingly" applies only to the intentional "transfer[], posses[sion], or use[]" without lawful authority.

The parties each request a jury charge reflecting their respective positions. Because resolution of this issue will impact trial preparation for both sides, the Court has agreed to resolve the question on an expedited basis in light of the upcoming trial date.

## DISCUSSION

The mens rea requirement of § 1028A is an issue over which courts have split. Some courts have taken the Government's position. See, e.g., United States v. Mendoza-Gonzalez, 520 F.3d 912 (8th Cir. 2008); United States v. Hurtado, 508 F.3d 603 (11th Cir. 2007); United States v. Montejo, 442 F.3d 213 (4th Cir. 2006); United States v. Aguilar-Moralez, 2007 U.S. Dist. LEXIS 73801 (N.D. Iowa 2007); United States v. Godin, 489 F. Supp. 2d 118 (D. Me. 2007). Others have taken the Defendant's view. See, e.g., United States v. Villanueva-Sotelo, 515 F.3d 1234 (D.C. Cir. 2008); United States v. Sanchez, 2008 U.S. Dist. Lexis 35460 (E.D.N.Y. April 30, 2008); United States v. Mejorada-Cordova, 2008 U.S. Dist. LEXIS 44634 (D. Utah, June 5,

2008); United States v. Salazer-Montero, 520 F. Supp. 2d 1079 (N.D. Iowa 2007); United States v. Beachem, 399 F. Supp. 1156 (W.D. Wash. 2005). The issue is currently on appeal before the Court of Appeals for the Second Circuit in United States v. Tureseo, No. 07-2933-cr, where the appellant is appealing Judge Duffy's decision to decline to give the jury instruction representing Defendant's position here.

The Court agrees with the conclusion of Judge Duffy and the Courts of Appeals for the Fourth, Eleventh, and Eight Circuits. I conclude that the D.C. Circuit's conclusion that this statute is ambiguous and thus should be read in accordance with the rule of lenity is in some tension with the Second Circuit's instruction to "read criminal statutes that are silent or ambiguous as to the required standard of mens rea, to demand knowledge of enough facts to distinguish conduct that is likely culpable from conduct that is entirely innocent." United States v. Weintraub, 273 F.3d 139, 147 (2d Cir. 2001). Section 1028A(a)(1) provides an enhanced penalty for using a "means of communication" of another person in the course of another felony. There is no risk of criminalizing "conduct that is entirely innocent" if the statute is interpreted as not requiring knowledge that the means of communication belonged to another actual person because a defendant's possession and use of a stranger's identification documents in the course of

committing another felony is not "innocent activity" even if a defendant did not know the "means of communication" belonged to a real person. See Hurtado, 508 F.3d at 610. Applying Weintraub, then, to this case requires the Court to accept the Government's interpretation of the statute.

## CONCLUSION

For these reasons, the Court will charge the jury in this case in the same way as Judge Duffy in <u>Tureseo</u>:

> The "means of identification" must belong to an actual person other than the defendant. That actual person may be alive or dead. However, I also instruct you that a defendant need not know that the means of identification is that of an actual person.

<u>United States v. Tureseo</u>, No. 06 Cr. 680 (KTD), Trial Transcript at 273-74.

SO ORDERED:

Dated:   New York, New York
         June 25, 2008

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.